```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION
```

IVAN CASTILLO, on behalf of himself
and all others similarly situated,

                Plaintiff,

vs.                                     Case No. 2:10-cv-182-FtM-29DNF

NOEL'S PAINTING, INC. a Florida
Profit Corporation, TRAVIS J. NOEL,
individually, AUSTIN NOEL,
individually,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law in Support (Doc. #13) filed on June 29, 2010. Plaintiff filed a response (Doc. #19) on August 9, 2010.

**I.**

Plaintiff brings his first two counts under the Fair Labor Standards Act to recover overtime compensation (Count I) and minimum wages (Count II). Plaintiff further brings a claim for unpaid minimum wages under the Florida Constitution, Article 10, Section 24 (Count III), along with a breach of contract claim (Count IV). Defendant moves for summary judgement on all counts.

As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." Dean v. Barber, 951 F.2d 1210, 1213 (11th Cir.

1995)(quoting Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988)). Out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record," WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988), and is only available after the parties have exchanged "appropriate" discovery. McCallum v. Athens, 976 F.2d 649, 650 (11th Cir. 1992). After a party moves for summary judgment, the non-movant bears the burden of calling to the district court's attention any outstanding discovery. Cowan v. J.C. Penney Co., 790 F.2d 1529, 1532 (11th Cir. 1986).

In the present case, discovery was stayed until the Case Management Report, (Doc. #9, ¶7), which was filed on August 19, 2010. It is clear that plaintiff has not been afforded "any meaningful opportunity . . . to fully discover facts" to counter the defendant's motion for summary judgment, (Doc. #19, p. 3), and the Court does not consider this "appropriate" discovery. Therefore, defendants are not entitled to summary judgment.

**II.**

The plaintiff has presented the Court with a "shotgun" complaint. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002)("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors"); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). (Doc. #1, ¶¶ 38,

44.)  The Eleventh Circuit has held that "district courts confronted by such complaints have the inherent authority to demand repleader sua sponte."  Magluta, 256 F.3d at 1284 (citing Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1332 (11th Cir. 1998)). Therefore, the plaintiff's Complaint will be dismissed without prejudice.  Plaintiff will be granted leave to file an amended complaint to correct this deficient pleading.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law in Support (Doc. #13) is **DENIED.**

2.  Defendant's Motion for Leave to File a Reply (Doc. #20) is **DENIED.**

3. The Complaint (Doc. #1) is dismissed without prejudice and plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of August, 2010.

*[signature]*

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record